

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

December 10, 1956

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. S-222

Re: Imposition of inheritance taxes
on bequest to Texas charitable
corporation not limited to carry-
ing on its charitable activities
within the State.

Dear Sir:

You have advised us of the following facts. Thomas
E. Braniff died testate, devising and bequeathing to The
Braniff Foundation 199,576 shares of stock in Braniff Airways,
Inc. The stock has been valued for inheritance tax purposes
at $1,324,364. The will places no geographical limitation
upon the expenditure of this gift. Neither the charter nor the
by-laws of the corporation in any way limits the corporation's
charitable activities to the State of Texas. Since its organi-
zation, the Foundation has made contributions to organizations
in other states and in foreign countries. The attorneys for
the estate have advised us that the Foundation will continue
to be world-wide in scope insofar as its charitable activities
are concerned.

You state that it has been the departmental practice
in identical cases in the past to tax bequests of this nature.
The attorneys for the estate have submitted a brief in support
of their position that the bequest in question is exempt from
inheritance taxes. You request that we advise you as to whether
any tax is due under the provisions of Article 7122, Vernon's
Civil Statutes.

Mr. Braniff died on January 10, 1954. At that time
the pertinent provisions of Article 7122 read as follows:

"If passing to or for the use of the United
States, to or for the use of any other person or
religious, educational or charitable organization
or institution, or to any other person, corpora-
tion or association not included in any of the

classes mentioned in the preceding portions of
the original Act. . ., the tax shall be:

". . .

"20% on any value in excess of $1,000,000.

"Provided, however, that this Article shall
not apply on property passing to or for the use
of the United States or any religious, educa-
tional or charitable organization when such be-
quest, devise or gift is to be used within this
State." (Emphasis supplied throughout.)

The leading case construing the underscored provi-
sions of Article 7122, as it then read, is Presbyterian Church
in the U. S. v. Sheppard, 198 S.W.2d 282 (Tex.Civ.App. 1946,
error ref. n.r.e.). In this case the testatrix bequeathed one-
half of her estate to the Presbyterian Church in the United
States. No limitation as to use was expressed in the will.
The Presbyterian Church in the United States operates in many
states (including Texas) and foreign countries. "Therefore,"
said the Court at pages 282, 283, "at the time of the death of
Mrs. Manley, there was no inhibition or limitation of any kind
to the use of said bequest by said Church within the State of
Texas, and it was free to use said bequest anywhere that it
chose."

Prior to the due date of the inheritance tax involved
and prior to the assessment thereof, the "Church, by and through
its proper officials, satisfied the State of Texas and its proper
officials that. . . said Church. . . /had/ legally obligated
itself and said Church (by action taken subsequent to the death
of the testatrix, Mrs. Manley) to use said bequest in its en-
tirety. . . within the State of Texas, for religious purposes,
. . ." Exemption was then claimed under Article 7122.

The Court refused to allow exemption stating that un-
der the provisions of the will the devisee Church could do with
the property as it saw fit and could use it in Texas or for the
Church activities in any State or in foreign countries. Since
the property passed to the Church upon the death of the testa-
trix without limitation as to where it was to be used, the Court
stated that this was the "character of succession or passing of
property to a religious organization that the . . . statute ex-
pressly seeks to tax." The fact that the governing authorities
of the Church had agreed to use the gift only in Texas was not
regarded as material. The Court pointed out that the Legisla-
ture had provided no form or method by which the taxing authori-
ties might ascertain whether a larger or lesser use may be made

of the property by the devisee or legatee in order to secure an exemption; and that the question of whether exemption will be accorded must be determined at the time the tax is levied, i.e., the date of the death of the decedent. The Court further stated:

"This, together with the fact that all incidents of the tax are affixed as of the date of the death of testatrix, clearly evidences the legislative intent to require that the limitation of the use of a devise in this State shall be expressed in the will."

Since the Presbyterian case was decided, the only other case involving exemption of a charitable devise or bequest, under the same provision of Article 7122, is G.A.C. Halff Foundation v. Calvert, 281 S.W.2d 178 (Tex.Civ.App., 1955, error ref., n.r.e.). In this latter case the will gave certain named trustees a portion of the testator's estate to be distributed to such corporation, association or trust fund as said trustees might select for one or more of enumerated charitable purposes. After the death of the testator, the G.A.C. Halff Foundation was formed by the surviving testamentary trustee; and the use of the Foundation's property was restricted by its charter to use within the State of Texas. At page 180 the Court said:

". . . It has been decided that a bequest to a charitable organization authorized to operate generally throughout the United States and foreign countries is not exempt under the exceptions contained in Article 7122, when there is no provision in the will restricting the use of the bequest to the State of Texas. Presbyterian Church in United States v. Sheppard, Tex.Civ.App., 198 S.W.2d 282. ..."

The Court held that the will had created a mandatory power of appointment and that under the doctrine of "relation back" title passed directly from the testator to the appointee Foundation as of the effective date of the will. The situation, said the Court at page 183, ". . . insofar as inheritance tax liability is concerned, is the same as if the testator in his will had designated the G.A.C. Halff Foundation as the devisee of one-half of three-eights of the residue of his estate. 1 Simes, Future Interests, 442, 8253. As the Foundation by its charter is restricted to Texas charities, the devise comes within the exception of Article 7122."

It is therefore evident that the _Halff_ case did not purport to overrule the _Presbyterian_ case. In addition to the portions of the opinion previously quoted, the Court in concluding its opinion stated at page 184:

"... that the will of G.A.C. Halff, deceased, vested in said Hugh A. L. Halff a special power of appointment to an entity which was required to make charitable use of the property in accordance with its corporate purpose; that under the doctrine of 'relation back' the selection of the Texas charity, under the mandatory power expressed in the will, constituted selection by the testator as if the Foundation had been named in the will, so that at the time of taxable succession the bequest to the Foundation was exempt under Article 7122."

The attorneys for the estate do not assert the existence of a power of appointment in this case; nor do they represent that the future charitable activities of the Braniff Foundation will be limited to this State. Their claim for exemption rests upon the proposition that the Foundation is chartered under the laws of this State, and upon the proposition that the corporate stock, the subject matter of the bequest, has an actual situs in Texas and is the property to be used within this State.

We cannot agree with this position in view of the decisions in the _Presbyterian_ and _Halff_ cases. As stated in the Halff case at page 180-181:

"... The exception contained in Article 7122 provides that the schedule of taxes contained therein 'shall not apply on property passing to or for the use of the United States or any religious, educational or charitable organization when such bequest, devise or gift is to be used within this State.' The Legislature has thus decided that the greater good may be served by exempting certain property from taxation, considering the use to which it is dedicated. A use of property which alleviates a burden which the State or its political subdivisions would otherwise necessarily bear at public expense, or a use thereof which fulfills or accomplishes the generally accepted charitable objectives of the people of the State, is recognized as a proper subject of tax exemption by specific legislative enactments. ..."

We think that only actual use for charitable purposes within this State will alleviate a burden which the State or its political subdivisions would otherwise necessarily bear at public expense and that this fact of actual use for charitable purposes within this State, rather than the domicile of the corporation or the situs of its property, is the determinative fact in allowing exemption.

The most recent amendment to Article 7122 evidences a legislative intent to continue the requirement of actual use for charitable purposes within this State. As amended, the pertinent provisions of Article 7122 read as follows:

"Provided, however, that this Article shall not apply on property passing to or for the use of the United States, or to or for the use of any religious, educational or charitable organization, incorporated, unincorporated or in the form of a trust, when such bequest, devise or gift is to be used within this State. The exemption from tax under the preceding provisions of this Article shall, without limiting its application under other appropriate circumstances, apply to all or so much of any bequest, devise, or gift to or for the use of the United States, or a religious, educational or charitable organization, which is, in writing and prior to the payment of the tax, irrevocably committed for use exclusively within the State of Texas or transferred to a religious, educational or charitable organization for use exclusively within this State."

By allowing exemption for charitable gifts which will be used exclusively within this State even though at the death of the decedent the funds were not required to be so used, the Legislature in effect reiterated the requirement of actual use for charitable purposes within this State and added a method of obtaining exemption by so restricting the use of charitable gifts subsequent to the incidence of the tax.

You are therefore advised that no exemption can be allowed in this case and that the bequest is subject to tax at the rates stated in Article 7122.

## SUMMARY

A bequest to a Texas charitable corporation is subject to inheritance tax under Article 7122,

V.C.S., if the corporation is not required to use the bequest for charitable purposes within this State.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

W. V. Geppert
Taxation Division

Mert Starnes
Reviewer

Elbert M. Morrow
Reviewer

L. W. Gray
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General

MMP:wb

By *Marietta McGregor Payne*
Marietta McGregor Payne
Assistant